Dear Senator Brinkhaus:
You have requested an opinion of the Attorney General relative to parent refunds in the Child Support Program administered by the Department of Health and Hospitals (DHH). You ask us to revisit Attorney General Opinion No. 89-182, in which the author concluded that parent refunds for both AFDC and non-AFDC clients collected by DHH must be deposited in the State Treasury, to be drawn upon only pursuant to an appropriation made in accordance with law. The author opined that the refunds did not fall within the exceptions enumerated in Article VII, Section 9(A) of the Louisiana Constitution (1974), to be discussed infra.
We have been advised by representatives of DHH that the agency oversees two classifications of child support collections. DHH attorneys obtain and enforce court orders against parents for monthly support payments which are deposited by one of twelve regional offices in a local bank. The funds are wire transferred to the Treasurer's office, and subsequently drawn down by DHH and distributed to the recipient parent.
Non-AFDC parental refunds are distributed in the amount received. AFDC parents receive up to Fifty and 00/100 ($50.00) Dollars, with the remainder being retained by the state as reimbursement for the cost of the AFDC program. For example, an AFDC mother with one child receives One Hundred Twenty-Three and 00/100 ($123.00) Dollars per month under the AFDC program. DHH obtains a court order and collects One Hundred Fifty and 00/100 ($150.00) Dollars per month from the child's father. The mother receives Fifty and 00/100 ($50.00) Dollars, and the remaining One Hundred and 00/100 ($100.00) Dollars is retained in the State Treasury. Article VII, Section 9 provides:
" § 9. State Funds
 Section 9. (A) Deposit in State Treasury. All money received by the state or by any state board, agency, or commission shall be deposited immediately upon receipt in the state treasury, except that received:
 (1) as a result of grants or donations or other forms of assistance when the terms and conditions thereof or of agreements pertaining thereto require otherwise;
(2) by trade or professional associations;
 (3) by the employment security administration fund or its successor;
(4) by retirement system funds;
 (5) by state agencies operating under authority of this constitution preponderantly from fees and charges for the shipment of goods in international maritime trade and commerce; and
 (6) by a state board, agency, or commission, but pledged by it in connection with the issuance of revenue bonds as provided in Paragraph (C) of Section 6 of this Article, other than any surplus as may be defined in the law authorizing such revenue bonds." (Emphasis added.)
A similar, but more expansive list of exceptions appears at LSA-R.S. 49:308.
Our review of these statutory and constitutional provisions leads to the conclusion that the child support collections do not fall within any of the noted exceptions. However, the failure to fall within one of the exceptions is not the only criterion used to determine whether funds must be deposited in the State Treasury. As the title of Article VII, Section 9 suggests, the funds must constitute state (i.e., public) funds. This office has consistently opined that unless funds received by the state are actually public funds, they do not fall under the provisions of Section 9 and need not be deposited in the State Treasury. Attorney General Opinion Nos. 75-175, 76-1484, 81-953, and 82-86. Thus, if funds are not public, it is immaterial whether they fall within the constitutional and statutory exceptions from deposit.
Attorney General Opinion No. 76-1484 concluded that funds held by the, then, Louisiana Department of Corrections for the inmate population were not public funds so as to require their deposit in the State Treasury. Further, any Inmate Welfare Funds erroneously deposited in the Treasury may be withdrawn without appropriation since the Treasurer is, in effect, acting only as a trustee or custodian of the funds.
Attorney General Opinion No. 75-175 concluded that refunds of overpayments of inheritance and income taxes do not constitute public funds until the time for filing of a claim for overpayment has lapsed.
Attorney General Opinion 81-953 addressed the issue of whether moneys recovered by the Attorney General in legal actions initiated on behalf of nonpublic entities (e.g., consumers) constitute public funds under Article VII, Section 9. The author concluded:
 "This office is in agreement with your assessment that monies of the nature described above are not state funds and likewise do not constitute monies received by the state within the meaning of the above-quoted constitutional article. There exists no constitutional requirement that said funds be forwarded to your office and this office is aware of no other legal provisions which would require same . . .
 When this office recovers awards pursuant to actions filed on behalf of individuals which do not represent or in themselves constitute the state or any state board, agency or commission, then it is the opinion of this office that it is legally permissible for this office to disburse said funds without the requirement of forwarding the funds to your office."
We find little, if any, distinction between funds recovered pursuant to actions filed on behalf of consumers and funds recovered as a result of a court order to pay child support. In both cases, a state agency is acting on behalf of a nonpublic entity or individual, and is holding the funds recovered in trust as a custodian until distribution to the owner.
Therefore, it is the opinion of this office that the portion of the refunds collected by DHH which is actually distributed to AFDC and non-AFDC clients is not state funds, and, likewise, does not constitute moneys received by the state within the meaning of Article VII, Section 9(A), and LSA-R.S. 49:308. Accordingly, it is not subject to appropriation and need not be deposited in the State Treasury.
Obviously, that portion of the funds collected on behalf of AFDC parents, but retained by the state as reimbursement for the cost of the AFDC program constitutes state funds subject to deposit in the State Treasury. To the extent Attorney General Opinion No. 89-182 is inconsistent with this opinion, said opinion is recalled.
This opinion is limited in its application solely to funds recovered under the Child Support Program. The determination of whether other classifications of funds constitute state funds must be considered on a case by case basis.
Trusting this opinion adequately responds to your question, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb
cc: Ms. Mary L. Landrieu, State Treasurer Mr. Gary K. Hall Mr. John R. Rombach